# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 12, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**MICHELLE CONNER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1637**  (BOR Appeal No. 2045850)
                    (Claim No. 2010131341)

**TELETECH CUSTOMER CARE MGMT WV, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michelle Conner, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. TeleTech Customer Care MGMT WV, Inc., by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 4, 2011, in which the Board affirmed a March 30, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 7, 2010, decision rejecting Ms. Conner's application for benefits based on carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Conner was employed by TeleTech Customer Care as a project manager. Her job duties were primarily clerical and involved typing on the computer. On April 13, 2010, Ms. Conner filed a claim for workers' compensation benefits, stating that she had developed carpal tunnel syndrome as a result of the repetitive motion of typing on a keyboard. The claims administrator denied the claim stating that Ms. Conner's condition was not due to an injury or disease received in the course of and resulting from her employment. Ms. Conner was then evaluated by Dr. Langa who found that Ms. Conner had no symptoms of carpal tunnel syndrome.

1

Dr. Langa did diagnose Ms. Conner with cubital tunnel syndrome in her left elbow but stated that the condition was entirely unrelated to her work activities. On March 30, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on November 4, 2011, leading Ms. Conner to appeal.

The Office of Judges concluded that the claims administrator did not commit any error in rejecting Ms. Conner's claim for carpal tunnel syndrome. The Office of Judges found that there was no persuasive evidence that Ms. Conner had carpal tunnel syndrome and no persuasive evidence that she had developed the condition as a result of her work. There was no report of electromyogram (EMG) performed in this case on which to base a diagnosis of carpal tunnel syndrome. The Office of Judges did find that Dr. Langa diagnosed Ms. Conner with cubital tunnel syndrome of the left elbow. But since Dr. Langa found that it was not attributable to her typing work, the Office of Judges determined that there was no persuasive evidence that her diagnosis of cubital tunnel syndrome was work-related. The Board of Review adopted the finding of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the reasoning of the Office of Judges. Ms. Conner has not sufficiently established that she has carpal tunnel syndrome. The report of Dr. Langa does tend to show that Ms. Conner has cubital tunnel syndrome. But Dr. Langa specifically found that the diagnosis was not related to Ms. Conner's employment activities. Ms. Conner has not demonstrated that she developed either carpal tunnel syndrome or cubital tunnel syndrome in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II